BERNARD M. TINAN *v.* CLIFFORD G. WAYNE, ET AL.

The mere *promise*, by the maker of a negotiable note, made to the holder at the time of maturity, that he would pay the unpaid balance of such note in three further payments, at two, three, and four months, with interest at ten per cent. per annum, is *not*, of itself, sufficient to release a surety indorser; some binding *agreement* for an extension of time to the maker, must be shown before the surety can be released.

SPECIAL TERM.—Action on a promissory note, made by C. G. Wayne to the order of Horsley & Ehlen, by them indorsed to Amasa Higbee, and by him indorsed to the plaintiff. Horsley, Ehlen, and Higbee have filed their answers, alleging that the plaintiff contracted with the maker, Wayne, for an extension of that note, and Wayne agreed to pay ten per cent. interest thereon; all of which was done without the knowledge and consent of these defendants.

The facts sufficiently appear in the decision.

*Bates & Scarborough*, for plaintiff.

*Mallon & McDowell*, for defendants.

GHOLSON, J. The defense relied on in this case is, that the indorsers were discharged by an agreement between the plaintiff and the maker of the note, for an extension of time.

It appears from the authorities, that an agreement between the holder of a note and the maker, to extend the time of payment for a definite period, and in consideration thereof, to receive, at the end of that time, interest on the debt, would be a valid agreement on a sufficient consideration, and discharge the sureties. It would make no difference if the interest to be paid was usurious. Under our law the agreement would be good to the extent of the legal interest.

" It is a valuable right to have money placed at interest, and it is a valuable right to have the privilege, at any time, of getting rid of the payment of interest, by discharging the principal. By this contract, the right to interest is secured for a given period, and the right to pay off the principal, and get rid of paying the interest, is also relinquished for such period. Here, then, are all the elements of a binding contract." 14 Ohio, 348, 351.

The principle upon which such a contract is sustained appears to be sufficiently plain. But I do not think, from the evidence in this case, it sufficiently appears that any such contract was made between the parties. The idea of investing money at interest for a definite period, and of relinquishing the right of getting rid of the payment of interest, was never in the contemplation of the parties in this case. 13 N. H. 240, *Fowler* v. *Brooks*.

The maker of the note, who is the only witness on this point, speaks of what passed between him and the plaintiff, as an agreement. He says the agreement was, that the plaintiff " should retain the note in his possession and I should pay along the amounts. When the note fell due, I

Bernard M. Tinan *v.* Clifford G. Wayne, et al.

paid on the same an hundred dollars. The agreement, then, with Tinan, was, that I was to pay the balance in three payments, at sixty days, at ninety days, and four months."

In the last part of his deposition, after the cross-examination, and on a re-examination, he says : "At the time when I made the agreement of paying him the three different payments, at sixty days, ninety days, and four months, I agreed to pay him interest at the rate of ten per cent. per annum."

From all this it is to be fairly gathered that a debtor who could not conveniently pay the whole amount of a debt, at maturity, was indulged as to the mode and times of payment, and as inducement to that indulgence, a higher rate of interest was promised, but not secured, as it might probably have been, by making an agreement in writing. But it is not stated that the creditor bound himself by any promise not to sue. The agreement appears to have been confined to the debtor. An agreement on the part of the creditor would only be inferred from the circumstances. I do not think they are sufficient for that purpose. He may have promised to indulge, but the idea of entering into a contract for a consideration, was not in his mind, and it would, I think, be a harsh construction so to understand his conduct.

It may be said that sureties are to be favored. But they certainly are not to be favored by the sacrifice of the just right of creditors, or by putting such a construction on their dealings with debtors as will prevent, by rendering hazardous, any indulgence. The sureties, in this case, were only known to be such from the character of their contract as a collateral undertaking. They had the right, indeed, it may strictly be said to have been their duty, to have paid the note at maturity, on its non-payment by the maker. That the holder did not wish to invest by a loan to the maker, that he was anxious to receive payment, that he was unwilling to change the security he held, abundantly appears from the evidence. That the indorsers have, in fact,

received any injury by the delay, that they were prevented, in fact, from taking up the note, or that they made any effort to do so, is not pretended.

If, however, there was a contract for any consideration deemed valuable, technically, the indorsers are discharged. They have a right to stand on such right. Exacting this strict right, I think they should show a promise on the part of the creditor, made intentionally, on a consideration, to give time for a definite period. There is, certainly, in this case, no such express promise, and, I think, none can be fairly inferred from the facts and circumstances proved.

There will be a judgment for the plaintiff.